PC SCAN



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
EE
8/12/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:26-cv-09719
Judge Steven C. Seeger
Magistrate Judge Albert Berry, III
PC8
RANDOM / Cat. 3

KAMIL GORLO
(Plaintiff)

v.

COOK COUNTY ILLINOIS; THOMAS J Dart, Sheriff of Cook County, individually and in his official capacity; JOHN DOES 1-20, correctional officers and medical personnel, individually and in their official capacities; and any private medical contractor responsible for inmate medical care at Cook County Jail.
(Defendants)

# COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Kamil Gorlo, appearing pro se, and for his Complaint against Defendants states as follows:

## I NATURE OF THE ACTION

1) This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights secured by the Fourteenth Ammendment to the United States Constitution.

2) Plaintiff seeks compensatory damages, punative damages against the individual Defendants, costs of suit, all other relief the Court deems proper, and a jury trial.

3) At all relevent times Plaintiff was a pretrial detainee confined at the Cook County Department of Corrections.

4) Defendants acted under color of state law and deprived Plaintiff of constitutionally protected rights by acting with objectively unreasonable and deliberately indifferent disregard toward Plaintiff's serious medical needs.

5) As a direct and proximate result of Defendants conduct, Plaintiff suffered unnecessary pain, permanent physical injury, emotional distress, worsening of an already diagnosed orthopedic injury, and continuing limitations in mobility and daily activities.

## II JURISDICTION AND VENUE

(6) This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1334 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7) This Court has supplemental jurisdiction over any related Illinois state-law claims pursuant to 28 U.S.C § 1367.

8) Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C § 1391(b) because all events giving rise to this action occurred within Cook County, Illinois.

## III PARTIES

9) Plaintiff, Kamil Gorlo, was at all relevant times a pretrial detainee housed at the Cook County Department of Corrections.

10) Defendant Cook County is a unit of local government organized under the laws of the State of Illinois and is responsible for funding and maintaing the Cook County Jail and its medical services.

11) Defendants Thomas J Dart, Sheriff of Cook County, was responsible for the operation of the Cook County Department of Corrections and ensuring detainees received constitutionally adequate medical care

12) Defendants John Does 1-20 were correctional officers, supervisors, nurses, physicians, physician assistants, medical technicians, and other employees acting under color of state law whose identities are presently unknown. Plaintiff will seek leave to substitute their true names after discovery.

13) At all relevant times, each Defendant acted individually, jointly, or in concert with one another and within the scope of their employment under color of state law.

14) Whenever this Complaint refers to any act or omission of a Defendant, such allegation includes that Defendant's agents, employees, supervisors, and all persons acting under their direction.

## IV FACTUAL ALLEGATIONS

15) On or about January 23, 2025, Plaintiff was booked into the Cook County Department of Corrections.

16) Prior to his incarceration, Plaintiff had been evaluated at a

hospital where physicians diagnosed him with a fractured tibia and a torn tendon in his leg.

17) Plaintiff was prescribed crutches, pain medication, follow-up orthopedic treatment, physicall therapy, diagnostic imaging and restrictions on weight bearing

18) Upon arrival at the Cook County Jail, Plaintiff immediately informed intake staff, Correctional officers, and medical personnel of his serious medical condition

19) Plaintiff advised Defendants that he had recently been treated at a hospital and that his injuries required immediate medical attention.

20) Plaintiff further advised Defendants that he required crutches, pain medication, diagnostic imaging, and follow-up treatment ordered by outside physicians.

21) Plaintiff's injuries were obvious, serious, and presented a substantial risk of further harm if left untreated.

22) Despite possessing actual knowledge of Plaintiff's Serious medical condition, Defendants failed and refused to provide constitutionally adequate medical treatment.

23) Plaintiff repeatedly requested medical Care, yet his requests were ignored, delayed, denied, or otherwise inadequately addressed.

## V. DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

24) Shortly after Plaintiff's incarceration, the seriousness of his medical condition became apparent to correctional staff and medical personnel.

25) Plaintiff experienced severe pain, swelling, instability of his leg, difficulty standing, and was unable to walk normally without assistence.

26) Plaintiff repeatedly informed correctional officers, nurses, and medical staff that his condition was worsening and that he required immediate medical attention.

27) Plaintiff advised Defendants that outside physicians had already diagnosed a fractured tibia and torn tendon and had ordered treatment, pain medication, and the use of crutches.

28) Despite this knowledge, Defendants knowingly failed to provide Plaintiff with timely medical care consistent with accepted medical standards.

29) Defendants failed to provide adequate pain management, failed to ensure timely orthopedic evaluation, failed to provide necessary diagnostic imaging, failed to provide consistent physical therapy, and failed to protect Plaintiff from further injury.

30) Plaintiff continued to suffer unnecessary pain while performing ordinary daily activities within the jail.

31) Because Defendants failed to provide proper treatment, Plaintiff's injury progressively worsened.

32) Defendants knew, or reasonably should have known, that delaying treatment for a fractured bone and torn tendon created a substantial risk of permanent injury.

33) Despite possessing actual knowledge of these risks, Defendants consciously disregarded Plaintiff's serious medical needs.

## VI. DEFENDATS' DISREGARD OF COURT ORDERS

34) During Plaintiff's incarceration, the Circuit Court entered two seperate court orders directing that Plaintiff receive medical evaluation, including diagnostic X-rays and appropriate treatment for his injured leg.

35) These court orders were valid, lawful, and communicated to officals responsible for Plaintiff's medical care.

36) Defendants had actual or constructive knowledge of these judicial orders.

37) Despite being aware of the court's directives, Defendants failed and refused to comply.

38) Plaintiff did not receive the ordered X-rays, physical therapy, or medical treatment directed by the court within a reasonable time, if at all.

39) Defendants' refusal to comply with the court's medical orders demonstrated an objectively unreasonable disregard for Plaintiff's health and safety.

40) By ignoring lawful court orders requiring medical treatment, Defendants knowingly prolonged Plaintiff's pain and increased the likelihood of permanent injury.

41) Defendants' conduct was not the result of mere negligence or oversight, but reflected a conscious disregard for Plaintiff's serious medical condition and constitutional rights.

42) As a direct result of Defendants' actions and omissions, Plaintiff suffered prolonged pain, emotional distress, worsening orthopedic damage, diminished mobility, and permanent physical impairment that continues to affect his daily life.

## VII INJURIES AND DAMAGES

43) As a direct and proximate result of Defendants' acts and omissions, Plaintiff's fractured tibia and torn tendon were left untreated for an unreasonable period of time.

44) The delay and denial of necessary medical care caused Plaintiff's Condition to substantially worsen beyond the original injury for which he entered the Cook County Department of Corrections.

45) Plaintiff continues to suffer chronic pain, instability of his leg, difficulty walking, loss of mobility, weakness, and limitations in performing ordinary daily activities.

46) Plaintiff has experienced physical pain and suffering, emotional distress, mental anguish, inconvenience, humiliation, and loss of enjoyment of normal life.

47) Plaintiff has required additional medical treatment that could have minimized or avoided had Defendants provided timely care.

48) Plaintiff reasonably believes that portions of his permanent impairment were caused by Defendants' refusal to provide medically necessary treatment despite repeated requests and Court orders.

49) Plaintiff's injuries have caused permanent disability and may require future orthopedic treatment, diagnostic testing, rehabilitation, pain management, and other medical care.

50) The damages suffered by Plaintiff were the direct and foreseeable result of Defendants' objectively unreasonable conduct.

51) Plaintiff has sustained damages in an amount to be Proven at trial.

# COUNT 1

## Violation of 42 U.S.C. §1983

## Fourteenth Amendment - Deliberate Indifference to Serious Medical Needs.

52) Plaintiff realleges and incorporates Paragraphs 1-51 as though fully set forth herein.

53) At all relevant times, Plaintiff was a pretrial detainee protected by the Due Process Clause of the Fourteenth Ammendment.

54) Plaintiff's fractured tibia, torn tendon, severe pain, inability to walk normally, and need for immediate orthopedic treatment constituted objectively serious medical conditions.

55) Defendants knew, or reasonably should have known, that Plaintiff required prompt medical care.

56) Despite this knowledge, Defendants intentionally, knowingly, or recklessly failed to provide constitutionally adequate medical treatment.

57) Defendants ignored Plaintiff's repeated requests for care, failed to provide timely diagnostic testing, failed to ensure orthopedic evaluation, failed to provide appropriate pain management, and disregarded Plaintiff's worsening medical condition.

58) Defendants further ignored two seperate court orders directing that Plaintiff receive medical evaluation and treatment.

59) Defendants' actions and omissions were objectively unreasonable under the circumstances and violated Plaintiff's clearly established constitutional rights

60) As a direct and proximate result of Defendants unconstitutional

conduct, Plaintiff sustained severe physical injuries, unnecessary pain and suffering, emotional distress, permanent impairment, medical expenses, and other damages.

(61) Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendants where permitted by law, costs of suit, attorney's fees under 42 U.S.C § 1988 if represented by counsel, and such other relief as the Court deems just and proper.

COUNT II

Municipal Liability Under 42 U.S.C. § 1983
(Monell Claim Against Cook County)

(62) Plaintiff realleges and incorporates by reference Paragraphs 1-61 as though fully stated herein.

(63) At all relevant times, Defendant Cook County was responsible for establishing, funding, supervising, and maintaining policies, customs, practices, and procedures governing the medical care provided to detainees housed at the Cook County Department of Corrections.

(64) The constitutional violations suffered by Plaintiff, were caused by one or more policies, customs, practices, or widespread patterns of conduct attributable to Cook County.

(65) Upon information and belief, Cook County maintained policies and customs that permitted delays in providing necessary medical treatment, failed to ensure compliance with court-ordered medical care, inadequately supervised medical personnel and correctional staff, and failed to adequately train employees regarding detainees' constitutional right to timely medical treatment.

(66) Cook County Knew or should have Known that these policies, Customs, and practices created a substantial risk that detainees with serious medical conditions would be denied constitutionally adequate medical care.

(67) Despite this knowledge, Cook County failed to take reasonable Corrective action, thereby demonstrating deliberate indifference to the constitutional rights of detainees.

(68) The unconstitutional customs, policies, practices, or failures to train and supervise were the moving force behind the violations of Plaintiff's constitutional rights.

(69) As a direct and proximate result of Cook County's actions and omissions, Plaintiff suffered the injuries and damages previously described.

WHEREFORE, Plaintiff requests judgement against Defendant Cook County for compensatory damages, costs, all other relief allowed by law, and such further relief as the Court deems just and proper.

COUNT III.

Failure to Intervene and Supervisory Liability

70) Plaintiff incorporates Paragraphs 1-69 as though fully set forth herein.

71) The individual Defendants observed or became aware that Plaintiff suffered from a serious medical condition requiring immediate treatment.

72) The individual Defendants knew that Plaintiff repeatedly requested medical care and informed jail personnel of his fractured tibia, torn tendon, severe pain, and inability to walk normally.

73) The individual Defendants further knew the Circuit Court had entered two seperate orders directing that Plaintiff receive medical evaluation and treatment.

74) Despite possessing the opportunity and authority to intervene, the individual Defendants failed to take reasonable steps to ensure Plaintiff received necessary medical care or that the court orders were followed.

75) Defendants failed to notify appropriate supervisors, failed to transport Plaintiff for evaluation, failed to obtain ordered diagnostic testing, and failed to protect Plaintiff from further injury.

76) Each Defendant either personally participated in the constitutional violations or knowingly failed to intervene to prevent them despite having a realistic opportunity to do so.

77) The conduct of the individual Defendants was willful, wanton, malicious, or demonstrated reckless disregard for Plaintiff's federally protected rights.

78) As a Direct and proximate result of these failures Plaintiff sustained severe pain, worsening orthopedic injuries, permanent impairment, emotional distress, and other damages.

WHEREFORE, Plaintiff requests judgement against the individual Defendants for compensatory damages, punitive damages to the extent permitted by law, costs of suit, and all additional relief the Court deems just and equitable.

# REQUEST FOR PRESERVATION AND PRODUCTION OF EVIDENCE

79) Plaintiff alleges that Defendants possess evidence directly relevant to the claims asserted in this action action and requests that all such evidence be preserved to prevent its destruction, alteation, or loss.

80) Plaintiff requests that Defendants preserve and produce, through discovery, all records concerning Plaintiff's incarceration and medical treatment while confined at the Cook County Department of Corrections beginning on or about January 23, 2025, including but not limited to:

a. Complete medical records maintained by the Cook County Department of Corrections;

b. Intake medical screening forms and nursing assessments;

c. Physician, nurse practitioner, physician assistant, and nursing progress notes;

d. Medication administration records and prescription records;

e. Sick-call requests, medical request slips, grievances, and grievance responses;

f. Hospital records received from any outside medical provider before or during Plaintiff's incarcerations;

g. Diagnostic imaging requests, X-Rays, MRI studies, CT Scans, laboratory reports, and orthopedic consultations;

h. Housing records, transportation logs, incident reports, and duty rosters identifying staff members who interacted with Plaintiff;

i. Any electronic communications, emails, memoranda, or reports concerning Plaintiff's medical condition or treatment.

81) Plaintiff further requests production of all policies, procedures, directives, training materials, and manuals governing inmate medical care; emergency treatment; compliance with court orders, and referrals to outside medical providers that were in effect during the relevant period.

REQUEST FOR COURT RECORDS AND JUDICIAL ORDERS

82) Plaintiff alleges that two seperate court orders were entered directing the Cook County Department of Corrections to provide Plaintiff with diagnostic imaging and appropriate medical treatment for his fractured tibia and torn tendon.

83) Plaintiff requests that Defendants produce certified copies of those court orders, together with any records reflecting receipt of the orders, communications regarding the orders, actions taken in response, or reasons for any failure to comply.

84) Plaintiff further request that Defendants identify every employee, supervisor, correctional officer, medical provider, contractor, or administrator who reviewed, received, transmitted, or was responsible for implementing

those court orders.

85) Plaintiff also requests production of any surveillance video, body worn camera recordings, transport logs, medical appointment schedules, or other electronically stored information documenting Plaintiff's condition, requests for treatment, or interactions with staff concerning his injured leg.

86) Plaintiff respectfully requests that the Court enter all orders necessary to preserve this evidence pending final resolution of this action and prohibit the destruction or alteration of any records relevant to Plaintiff's claims.

87) Plaintiff reserves the right to amend this Complaint to substitute the true names of any presently unidentified John Doe Defendants after discovery reveals their identities.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally where permitted by law, and grant the following relief:

88) Award compensatory damages in an amount to be determined by the jury, but not less than $2,500,000.00, for Plaintiff's physical pain and suffering, permanent physical impairment, emotional distress, mental anguish, disability, loss of normal life, future medical expenses, and all other damages proven at trial.

89) Award punitive damages against the individual Defendants,

in an amount not less than $5,000,000.00, for their willful, wanton, reckless, and malicious disregard of Plaintiff's constitutional rights. (Plaintiff acknoledges punitive damages are not recoverable against Cook County itself under federal law).

90) Award Plaintiff the costs of this action including all taxable costs, litigation expenses, and any attorney's fees authorized by law pursuant to 42 U.S.C. § 1988, should counsel later appear on Plaintiff's behalf.

91) Award pre-judgement and post-judgement interest as permitted by law.

92) Grant such other and further legal and equitable relief as this Court deems just, proper, and appropriate under the circumstances.

JURY DEMAND

93) Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

# VERIFICATION

Plaintiff declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing allegations are true and correct to the best of Plaintiff's knowledge, information, and belief.

Respectfully submitted,

x [signature]

Kamil Gorlo
Plaintiff, Pro Se

Illinois Department of Corrections
Robinson Correctional Center
Y58693

Dated: July 31, 2026

# PRESERVATION OF EVIDENCE

Plaintiff specifically requests that Defendants preserve all evidence relating to this action, including but not limited to:

- Electronic medical records
- Paper medical charts.
- Intake screening documents
- Medication administration records
- Sick-Call requests.
- Grievances and grievance responses.
- X-ray requests and reports
- Orthopedic referrals
- Outside hospital records.
- Transportation records.
- Housing logs
- Duty rosters
- Incident reports
- Emails and internal communications
- Surveillance video.
- Body camera recordings, if any
- The two judical orders directing Plaintiff's medical treatement.
- Any documents showing receipt or review of those court orders.

Plaintiff further requests that no documents, electronically stored information, recordings, or other evidence relating to Plaintiff's confinement and medical treatment ~~be~~ be destroyed, altered, or removed while this litigation is pending.

# NOTICE REGARDING DOE DEFENDANTS

Because Plaintiff is presently unaware of the identities of numerous correctional officers, supervisors, nurses, physicians, and other medical personnel responsible for the constitutional violations alleged herein, Plaintiff names them as John Does 1-20.

Following discovery, Plaintiff will promptly seek leave of Court under Federal Rule of Civil Procedure 15 to substitute the true names of those Defendants.

Plaintiff further requests that Defendants identify all personnel involved in Plaintiff's medical care, custody, transportation, Scheduling, and compliance with the court-ordered medical treatment issued after Plaintiff's booking on January 23, 2025.

Plaintiff respectfully requests that this Court enter judgement in his favor, award all relief requested herein, and grant any additional relief that justice requires.

Respectfully Submitted,

X [signature]

Kamil Gorlo
Plaintiff, Pro Se
Dated: July 31, 2026